# EXHIBIT 3

MERRICK D. STEINBERG*
LOUIS J. VERDE+
STEVEN PONTELL**
SIOBHAN MC GOWAN ±±

MARTINE PIERRE-PAUL

\*   MEMBER OF N.J., N.Y. & CAL. BARS
+   MEMBER OF N.J. & N.Y. BARS
\*\*   MEMBER OF N.J., N.Y. & D.C. BARS
±±   MEMBER OF N.J. & P.A. BARS

\*\*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

**VERDE, STEINBERG & PONTELL, LLC**
Attorneys at Law
Court Plaza East, 19 Main Street
Hackensack, New Jersey 07601-7023
(201) 489-0075
Telecopier (201) 489-0077
Direct E-Mail: spontell@vsplaw.com

New York Office
171 Madison Avenue
Suite 1300
New York, New York  10016
(212) 996-0630

## TELEFAX TRANSMITTAL

| DATE: | 9.1.23 |
|---|---|
| TO: | Hua Chen, Esq. |
| FAX NUMBER: | 1-213-426-1788 |
| FROM: | Steven Pontell, Esq. |
| RE: | Kissler & Co., Inc. v. Shla Group, Inc. et al |

## COMMENTS:

TOTAL PAGES (including cover sheet): ____13_____

*Original will (   ) will not ( x ) follow by regular mail/eCourts.*

## CONFIDENTIALITY NOTE

The documents accompanying this telecopy transmission contain information from the law firm of Verde, Steinberg, & Pontell, LLC, which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited, and that the documents should be returned to this firm immediately. In this regard, if you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

# VERDE, STEINBERG & PONTELL, LLC

### ATTORNEYS AT LAW
### COURT PLAZA EAST
### 19 MAIN STREET
### HACKENSACK, NEW JERSEY 07601-7023
(201) 489-0075
TELECOPIER (201) 489-0077

DIRECT E-MAIL: spontell@vsplaw.com

MERRICK D. STEINBERG*
LOUIS J. VERDE*
STEVEN PONTELL**
SIOBHAN McGOWAN‡‡

MARTINE PIERRE-PAUL

* MEMBER OF N.J., N.Y. & CAL. BARS
* MEMBER OF N.J. & N.Y. BARS
** MEMBER OF N.J., N.Y. & D.C. BARS
‡‡ MEMBER OF N.J. & PA. BARS

** CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

171 MADISON AVENUE
SUITE 1300
NEW YORK, NEW YORK 10016
(212) 996-0630

September 1, 2023

_Sent by Facsimile: 1-213-426-1788_
Hua Chen, Esq.
ScienBiziP, PC
550 South Hope Street, Suite 2825
Los Angeles, California 90071

> RE:    _Kissler & Co., Inc. v. Shla Group, Inc. et als_

Dear Mr. Chen:

As you are aware, these offices continue to represent the interests of Kissler & Co., Inc. with regard to the above-referenced matter.

The factual and legal bases for Kissler's claims against the proposed Defendants ("Defendants") are as follows: The design and specifications for the parts at issue did not originate with Kissler. The Defendants maintained the tooling in China to manufacture these parts. Upon information and belief, the same tooling was used by the Defendants previously to manufacture the parts for Danco, Inc. The Defendants originated and manufactured all of the parts, including the packaging, sold to Kissler, and at the same time, they were aware of the protection afforded to Danco, Inc. under the U.S. Patent Laws.

While the parties did not enter into a written agreement, other than the purchase orders exchanged which reveal the financial terms, they did enter into an enforceable verbal agreement. That Defendants were manufacturing the parts for Kissler to sell, and which were not violative of any patent, was a material part of this enforceable agreement. Kissler relied, to its detriment, upon Defendants' representations to that effect. With full knowledge of Danco, Inc.'s superior rights to the parts, Defendants entered into the relationship with Kissler anyway.

The law in New Jersey is clear; an implied contract is no different than an express contract insofar as the applicable elements of the claim. Duffy v. Charles Schwab & Co., Inc., 123 F. Sup. 2nd 802, 816 (DNJ 2000). The only difference is that

VERDE, STEINBERG & PONTELL, LLC

an express contract is created by writings or spoken words, and implied contracts are expressed by conduct. <u>Wanaque Borough Sewerage Authority v. Township of West Milford</u>, 144 N.J. 564, 574 (1996). To prove a breach of contract, whether express or implied, the plaintiff must show: (1) that the parties entered into a contract containing certain terms; (2) that the plaintiff did what the contract required him to do; (3) that defendant did not do what the contract required him to do (i.e., breach); and (4) that defendant's breach caused a loss to the plaintiff. <u>Coyle v. Englander's</u>, 199 N.J. Super. 212 (App. Div. 1985); <u>Murphy v. Implicito</u>, 392 N.J. Super. 245, 265 (App. Div. 2007). The ability of Kissler to establish an agreement or contract is evident, and Defendants' breaches thereof are easily established; as a result, Defendants are liable to Kissler.

Upon being named as a defendant in the patent infringement lawsuit filed by Danco, Inc., Kissler and its sales representative (who introduced Kissler to the Defendants), contacted Mr. He to discuss the merits of the case and responsibility for the damages. Unfortunately, Mr. He refused to engage either Kissler's principal or its sales representative, and ignored Kissler's request for intervention on its behalf. Kissler was left with no alternative, but to resolve the Danco, Inc. lawsuit.

The damages incurred are the proximate result of Defendants' conduct. Please contact the undersigned to discuss an amicable resolution of same and to avoid the initiation of litigation. A draft of the Complaint to be filed is enclosed herewith.

Thank you.

Very truly yours,

*Steven Pontell*

Steven Pontell

SP:lap
Enclosure
Cc:    Kissler & Co., Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

KISSLER & CO., INC.                          :
                                             :
         Plaintiff,                          :         Civil Action No.
v.                                           :
                                             :         COMPLAINT
GANG HE, SHLA GROUP, INC.,                   :         JURY TRIAL DEMANDED
PARK 2580, INC., and ABC-XYZ                 :
CORPORATIONS (said names                     :
being fictitious)                            :
                                             :
         Defendants.                         :

Plaintiff, by and through its attorneys, Verde Steinberg & Pontell, LLC, files this

Complaint against Defendants, Gang He, Shla Group, Inc., Park 2580, Inc. and ABC-XYZ

Corporations (said names being fictitious), and in support thereof alleges as follows:

THE PARTIES

1.     Kissler & Co., Inc. is a New Jersey corporation having a regular and established

place of business at 770 Central Boulevard, Carlstadt, New Jersey 07072 ("Kissler" or

"Plaintiff").

2.     Upon information and belief, Gang He is an individual with a principal place of

business address at 2580 West 237th Street, Torrance, California 90505.

3.     Upon information and belief, Shla Group, Inc. is a corporation having its principal

place of business located at 615 Hawaii Avenue, Torrance, California 90503 and/or 2580 West

237th Street, Torrance, California 90505 ("Shla").

4.     Upon information and belief, Park 2580, Inc. is a corporation having a principal

place of business located at 2580 West 237th Street, Torrance, California 90505 ("Park 2580").

5.      Upon information and belief, ABC-XYZ Corporations are fictitious entities which are otherwise responsible to the Plaintiff for the causes of action and damages resulting therefrom as set forth below in this Complaint.  Upon identification, this Complaint will be so amended to properly name the entities in each cause of action asserted, and for the damages proximately caused by said newly named Defendants.

6.      Gang He, Shla, Park 2580 and ABC-XYZ Corporations (said names being fictitious) are collectively referred to herein as "Defendants."

JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332 because the Plaintiff and each of the Defendants are citizens or residents of different states, or registered to do business pursuant to the laws of different states.

2.      This Court has personal jurisdiction over the Defendants by virtue of the fact that Defendants have transacted business in this District, have derived substantial revenue from goods offered for sale and/or sold in this District, and/or have established sufficient minimum contacts with the State of New Jersey such that they are subject to the personal jurisdiction of this Court.  Personal jurisdiction in New Jersey over the Defendants is also consistent with the requirements of due process.

3.      Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the causes of action set forth in this Complaint occurred in this District, and a substantial amount of the property or plumbing repair parts that are the subject of this action are located in this District.

4.    The matter in controversy in this action exceeds the sum or value of $75,000 on each Count, exclusive of interest and costs, and as such, jurisdiction in this District is proper pursuant to 28 U.S.C. §132.

## STATEMENT OF FACTS

1.    Kissler & Co., Inc. is a plumbing repair part manufacturer and distributor located in Carlstadt, New Jersey.  The Company is family owned and was founded 100 years ago in New York City.

2.    The Defendants are manufacturers and distributors of plumbing repair parts.

3.    Defendants offered to sell to Kissler universal tub and shower trim kits for Moen® and Delta® tub/shower faucets.

4.    Kissler did purchase said universal tub and shower trim kits from Defendants and offered same for sale under the Everbilt™ product line.

5.    Prior to entering into this business relationship, Defendants represented to Kissler that said parts do not violate or infringe upon any United States patent or protected intellectual property.  Defendants stated that Kissler & Co., Inc. was free to sell the parts to its customers as there was no concern about a resultant patent infringement action.

6.    Based upon said representations, Kissler did purchase universal tub and shower trim kits from Defendants and offered same for sale in the United States through nationwide retailers.

7.    The universal tub and shower trim kits purchased by Kissler from Defendants in fact violated U.S. patent protection afforded to Danco, Inc.

8.      Danco, Inc. was issued a patent for the universal tub and shower trim kit disclosed

in U.S. Patent No. 9,051,720 (the "720 Patent").

9.      As a result of Kissler's distribution of said parts for sale in the United States,

Danco, Inc. did file a lawsuit against Kissler for violation of U.S. patent laws, and Kissler was

forced to resolve said lawsuit and incurred or will incur direct damages in excess of $1 million.

10.     Defendants are aware now, and were aware prior to the entry into the business

relationship with Kissler, that said parts violated U.S. patent laws affording protection to Danco,

Inc. with regard to the subject tub and shower trim kits.

11.     For its own financial benefit, the Defendants did intentionally manufacture and

sell to Kissler plumbing repair parts which were patent protected, and as a result Kissler has

suffered damages of a diverse nature.  Defendants took no actions in an effort to minimize the

damages being incurred by Kissler & Co., Inc.

12.     Demand for reimbursement of the losses sustained by Kissler has been made to

Defendants, and the Defendants have completely ignored the requests by Kissler for Defendants

to remedy the various damages caused by their conduct.

## CAUSES OF ACTION

## COUNT ONE

### Breach of Contract - Express or Implied

1.      The contractual agreement entered into between Defendants and Plaintiff was

based upon the representations that the parts offered for sale to Plaintiff did not violate U.S.

patent laws, in any manner.

2.      In fact, the plumbing repair parts manufactured by Defendants and sold to Kissler

violated U.S. patent laws, and specifically the protection held by Danco, Inc.

3.      The Defendants breached the aforementioned contract, express or implied, and as a result Plaintiff was sued by Danco, Inc. and as a direct result has suffered damages of a diverse nature.

4.      Defendants knew at the time the plumbing repair parts were sold to Kissler that they were in violation of U.S. patent laws, and that by merely following their model, to resell the parts at a profit, Kissler would incur liability.

COUNT TWO

Detrimental Reliance

1.      Plaintiff repeats the allegations set forth above and make same a part hereof as though fully set forth herein.

2.      A contract was entered into between the parties pursuant to which Defendants agreed to sell to Plaintiff plumbing repair parts which did not violate the U.S. patent laws.

3.      Plaintiff reasonably relied upon said representations and the agreement entered into with Defendants.

4.      In reliance upon the representations and agreement made by the Defendants, Plaintiff did offer for sale the subject parts to retailers nationwide.

5.      As a result of the offering of said parts for sale nationwide, Plaintiff was sued by the entity owning the patent on the subject parts, Danco, Inc.

6.      The Defendants were aware that the parts offered for sale to Kissler, and resold by Kissler, violated the U.S. patent laws and that Kissler relied to its detriment upon the representations made by Defendants, when Kissler purchased the parts from Defendants, and distributed same to third parties nationwide.

7.      As a direct and proximate result of Defendants' breach of the contract entered into
between the parties, and Plaintiff's detrimental reliance on Defendants' representations and
agreement, Plaintiff has suffered damages of a diverse nature.

### COUNT THREE

### Negligent Misrepresentation

1.      Plaintiff repeats the allegations set forth above and make same a part hereof as
though fully set forth herein.

2.      Under the circumstances alleged herein, Defendants, jointly and/or severally,
owed a duty to Plaintiff to sell the subject parts pursuant to the terms of the agreement entered
into between the parties and the representations made by Defendants to Plaintiff.

3.      Defendants, jointly and/or severally, represented to Plaintiff on multiple occasions
that the subject parts did not violate U.S. patent laws.

4.      Defendants' representations were false, negligent and material when made to
Kissler, Inc.

5.      Plaintiff justifiably relied upon Defendants' misrepresentations and acted, to its
detriment, in accordance with the parties' contract, express or implied.

6.      As a direct and proximate result of Plaintiff's reliance upon Defendants' negligent
misrepresentations, Plaintiff suffered damages of a diverse nature.

### COUNT FOUR

### Intentional Misrepresentation of Saleable Products

1.      Plaintiff repeats the allegations set forth above and make same a part hereof as
though fully set forth herein.

2.      The Defendants, jointly and severally, misrepresented the saleability and useability of the parts purchased by Kissler.

3.      The Defendants' representations pertaining to the saleability and useability of the parts was materially false and misleading because the parts were protected by U.S. patent laws.

4.      The Defendants, jointly and severally, knew or had reason to know that the representations made by them to Kissler were false when made and Defendants, jointly and severally, knew or had reason to know that Kissler would be subject to damages when it offered said parts for sale nationwide.

5.      The Defendants, jointly and severally, deliberately misrepresented the saleability and useability of the parts to induce Plaintiff to purchase same from Defendants at a price negotiated between the parties.

6.      The Plaintiff relied upon Defendants' misrepresentations.

7.      The Plaintiff's reliance on Defendants' misrepresentations was both reasonable and justifiable under the given circumstances.

8.      The Defendants' intentional misrepresentations, inducing Plaintiff's reliance thereon, was the direct and proximate cause of Plaintiff's damages, which Plaintiff would not have suffered but for Defendants' intentional misrepresentations.

9.      As a direct and proximate result of Defendants' intentional misrepresentations, the Plaintiff has suffered damages of a diverse nature.

## COUNT FIVE

### Breach of Duty of Good Faith and Fair Dealing

1.      Plaintiff repeats the allegations set forth above and make same a part hereof as though fully set forth herein.

2.      The Plaintiff and Defendants entered into a contract for the sale of certain parts.

3.      The Plaintiff agreed to purchase said parts from the Defendants in reliance upon Defendants' representations that said parts did not violate U.S. patent laws.

4.      Plaintiff subsequently learned, upon offering said parts for sale nationwide, that the parts were in fact protected by U.S. patent laws.

5.      Defendants were aware that said parts, offered for sale to Kissler for distribution to third parties, violated U.S. patent laws.

6.      As a result of Defendants' breach of the duty of good faith and fair dealing, Plaintiff was sued and did suffer damages of a diverse nature.

## COUNT SIX

### Fraud

1.      Plaintiff repeats the allegations set forth above and make same a part hereof as though fully set forth herein.

2.      Defendants conduct constitutes fraud in the inducement.

3.      Plaintiff would not have entered into the business relationship with the Defendants had it been aware of Defendants' fraudulent misrepresentations regarding the plumbing repair parts manufactured by Defendants and sold to Plaintiff.

4.      As a result of Defendants' fraud, Plaintiff did suffer damages of a diverse nature.

### PRAYER FOR RELIEF

WHEREFORE, Kissler prays that this Court enter judgment in favor of Kissler and against the Defendants, jointly and severally, as follows:

a.      Kissler recovers all compensatory damages sustained as a result of Defendants'

conduct, including but not limited to the amounts Kissler paid to Defendants for the accused

parts;

b.      Kissler recovers the amount by which Defendants were unjustly enriched by their

conduct, including but not limited to sales made of the accused parts, unused inventory which is

useless, and consequential damages;

c.      Kissler recovers punitive and exemplary damages;

d.      Kissler recovers reasonable attorney's fees and costs of suit;

e.      Kissler recovers pre and post-judgment interest; and

f.      Kissler recovers such other and further relief as the Court deems just and proper.

VERDE STEINBERG & PONTELL, LLC
*Attorneys for Plaintiff*

DATED:

BY:_____
                    Steven Pontell, Esq. (016641982)


## DEMAND FOR JURY TRIAL

Demand is hereby made for trial on all issues by a jury of twelve persons.

VERDE STEINBERG & PONTELL, LLC
*Attorneys for Plaintiff*

BY:_____
                    Steven Pontell, Esq. (016641982)

<u>CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, Plaintiff, through its undersigned counsel, hereby

certifies that the matter in controversy is not the subject of any other action pending in any Court,

or of any pending arbitration or administrative proceeding.  I hereby certify under the penalty of

perjury that the foregoing is true and correct to the best of my knowledge and belief.

VERDE STEINBERG & PONTELL, LLC
*Attorneys for Plaintiff*


BY:_____
           Steven Pontell, Esq. (016641982)


F:\wpdocs\LITIGATI\KISSLER\Danco\Complaint.docx