# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SHLA GROUP INC., *et al.*,<br>　　　　Plaintiffs,<br>　v.<br>KISSLER AND CO., INC.<br>　　　　Defendant. | CV 23-07567 TJH (BFMx)<br><br>Order |

　　The Court has considered Defendant Kissler and Co.'s ["Kissler"] motion to dismiss [dkt. #15], together with the moving and opposing papers.

　　The following facts are alleged in the Complaint.

　　In 2021, Home Depot awarded Kissler a contract for the supply of universal trim kits for bathtub and shower faucets. Kissler, in turn, issued purchase orders to Plaintiff SHLA Group, Inc. ["SHLA"]. SHLA, in turn, somehow transferred those purchase

orders to Plaintiff Park 2580, Inc. ["Park"]. Allegedly, Gang He, SHLA's CEO, formed Park to transact business with Kissler and to keep Kissler's transactions separate from SHLA. Park, in turn, arranged for the trim kits to be manufactured in China.

On September 12, 2023, SHLA and Park filed this case against Kissler, alleging claims for: (1) Declaratory relief; (2) Breach of contract; (3) Breach of implied contract; and (4) Promissory estoppel. The Complaint referenced, but did not include copies of, the purchase orders and some of the several emails exchanged between SHLA and Kissler.

Kissler, now moves to dismiss, under Fed. R. Civ. P. 12(b)(6), the claims for breach of contract, breach of implied contract, and promissory estoppel. The declaratory relief claim, which is not the subject of the instant motion, is apparently based on the allegation by Danco, Inc. ["Danco"], which is not a party to this case, that Kissler's trim kits violate Danco's United States Patent Number 9,051,720.

**Motion to Dismiss**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

To sufficiently state a claim, a plaintiff must allege enough facts so that the requested relief is plausible on its face and the defendant receives notice of the basis for the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While the factual allegations need not be detailed, they must go beyond labels and conclusions and raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Further, the Court must accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss for failure to state a claim, the Court must consider the facts alleged in the complaint, as well as documents referenced or attached to the complaint and facts subject to judicial notice. *See Tellabs, Inc. v. Makor Issues*

*& Rts., Ltd.*, 551 U.S. 308, 322 (2007).

**Incorporation By Reference of Emails**

In its motion to dismiss, Kissler, *inter alia*, asked the Court to consider all of the emails exchanged among the parties to show that there was never a meeting of the minds.

As an initial matter, a defendant cannot raise an affirmative defense through a Rule 12(b)(6) motion to dismiss unless the complaint sets forth, on its face, an absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F3d 778, 783, fn. 1 (9th Cir. 1997). Rather, affirmative defenses should be raised through a motion for summary judgment. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690-691 (7th Cir. 2012). Here, the Complaint does not set forth, on its face, an absolute defense or other bar to recovery.

SHLA and Park alleged that on December 17, 2021, Kissler issued three purchase orders to SHLA. The Complaint, then, alleged that "[t]he purchase orders cover the universal trim kits for the Moen, Delta and Valley brand bathtub and shower faucets that the parties were discussing in their March and July emails." The Complaint, then, alleged that Kissler issued on April 13, 2022, three revised purchase orders to Park. The Complaint, then, alleged that "[t]he purchase orders cover universal trim kits for the Moen, Delta and Valley brand bathtub and shower faucets that the parties were discussing in their March and July emails." There were no other relevant references to emails in the Complaint.

Generally, the Court is not permitted to consider facts beyond the four corners of a complaint when assessing its sufficiency under Fed. R. Civ. P. 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the incorporation by reference rule is an exception to that general rule. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Court *may* consider documents incorporated by reference into a complaint. *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1159-1160 (9th Cir. 2012). A document is deemed to have been

incorporated by reference if the complaint referred extensively to that document, or if the document forms the basis of the claim. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

Here, the Complaint did not extensively refer to the emails. Indeed, the emails were mention only in passing. Further, the emails did not form the basis of any claims, here. Rather, Kissler wants to use the emails to establish its affirmative defense that there were no legally binding contracts, here.

Thus, it would not be appropriate for the Court to consider the emails at this procedural juncture.

**Sufficiency of Claims**

Regardless of the emails, SHLA and Park's claims for breach of contract, breach of implied contract, and promissory estoppel are vague, ambiguous, and lack sufficent facts.

By way of examples only, and not an exhaustive list, SHLA and Park refer to themselves collectively throughout the Complaint as the Plaintiffs, so it is unclear as to which of them is asserting which claims; it is unclear as to whether one or both of the Plaintiffs are asserting a claim for breach of contract; and it is unclear as to which alleged promises were made to which Plaintiff in support of the breach of implied contract and promissory estoppel claims.

As they draft their amended complaint, Plaintiffs should keep in mind the specific deficiencies raised by Kissel in its motion to dismiss, and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Accordingly,

It is Ordered that the claims for breach of contract, breach of implied contract, and promissory estoppel be, and hereby are, Dismissed with leave to amend.

1  **It is further Ordered** that Plaintiffs shall file an amended complaint within
2  thrity (30) days.

4  Date: May 1, 2024

_____
**Terry J. Hatter, Jr.**
Senior United States District Judge