Hua Chen (SBN 241831)
*huachen@scienbizippc.com*
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1778

Geoffrey T. Stover (SBN 211715)
*geoff@axslawgroup.com*
AXS LAW GROUP
6080 Center Dr., Suite 210 Los Angeles, CA 90045
Tel: (310) 746-5300
Fax: (310)593-2520

Attorneys for Counterclaim Defendants
*SHLA Group Inc., Park 2580, Inc. and Gang HE*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SHLA GROUP INC. and PARK 2580, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KISSLER AND CO. INC.,<br><br>Defendant.<br><br>―――――――――――<br><br>KISSLER AND CO. INC.,<br><br>Counterclaimant,<br><br>v.<br><br>SHLA GROUP INC., PARK 2580, INC., and GANG HE,<br><br>Counterclaim Defendants. | Case No: 2:23-cv-07567-TJH-BFM<br><br>[Hon. Judge Terry J. Hatter, Jr.]<br><br>**COUNTERCLAIM DEFENDANTS SHLA GROUP INC., PARK 2580, INC., AND GANG HE'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMANT KISSLER AND CO. INC'S COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with (1) Declaration of Shruti Aggarwal; (2) Exhibit 1]*<br><br>Date: June 2, 2025<br>Time: UNDER SUBMISSION<br>Courtroom: 9C |

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Monday, June 2, 2025, or as soon thereafter as the matter may be heard in Courtroom 9C of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California, 90012, Counterclaim Defendants SHLA Group Inc., Park 2580, Inc., and Mr. Gang HE will and hereby do move the Court to dismiss Counterclaimant Kissler & Co., Inc.'s Counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that, as set forth in Hon. Terry J. Hatter Jr.'s local procedures, "no appearance [is] necessary" in connection with this motion, as "Judge Hatter takes all CIVIL motions under submission as of the calendared date of the motion (see Local Rule 83-9.2)."

This motion is made following conferences of counsel pursuant to L.R. 7-3 beginning on April 22, 2025.

The motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the Declaration of Shruti Aggarwal filed concurrently herewith and all exhibits thereto; all pleadings, papers and records on file with the Court in this action; and all other such argument and evidence as may be presented to the Court in connection with the motion.

Dated: April 30, 2025

Respectfully submitted,

  */s/ Hua Chen*  

Hua Chen (SBN 241831)
*huachen@scienbizippc.com*
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1778

Geoffrey T. Stover (SBN 211715)
Geoff@axslawgroup.com
AXS LAW GROUP LA LLP
6080 Center Dr., Suite 210
Los Angeles, CA 90045
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Counterclaim Defendants
*SHLA Group Inc., Park 2580, Inc. and GANG HE*

# TABLE OF CONTENTS

I. Introduction ................................................................................................. 1

II. Statement of Facts ....................................................................................... 1

    A. Procedural Background ..................................................................... 1

    B. The Fraud and Negligent Misrepresentation Counterclaims ............. 2

    C. The Counterclaims against Mr. HE .................................................... 4

III. Legal Standard ............................................................................................ 5

    A. Rule 12(b)(6) and Heightened Pleading Standard under Rule 9(b) ...... 5

    B. The Economic Loss Rule ................................................................... 6

    C. The Alter Ego Standard ..................................................................... 6

IV. Arguments .................................................................................................. 7

    A. Kissler's fraud and negligent misrepresentation counterclaims fail to meet the heightened Rule 9 pleading standards. .................................. 7

    B. Kissler's fraud and negligent misrepresentation counterclaims should be dismissed because they are barred by the economic loss rule. ........................................................................................................ 9

    C. Kissler's Counterclaims do not plead facts sufficient to support any liability against Mr. HE ...................................................................... 11

V. Conclusion ................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases** ..................................................................................................................................**Page**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................... 5, 12

*Comair Ltd. v. Boeing Co.*,
    No. C23-176 RSM, 2023 U.S. Dist. LEXIS 171950 (W.D. Wash. Sep. 25, 2023)8

*Danco, Inc. v. Kissler & Co., Ltd.*,
    No. 23cv2192 (D. N. J., filed on April 19, 2023)................................................. 3, 4

*Dole Food Co. v. Patrickson*,
    538 U.S. 468 (2003)................................................................................................ 6

*Edwards v. Marin Park, Inc.*,
    356 F.3d 1058 (9th Cir. 2004) ............................................................................... 5

*El Salto, S.A. v. PSG Co.*,
    444 F.2d 477 (9th Cir. 1971) ............................................................................ 7, 12

*Gerritsen v. Warner Bros. Entm't*,
    116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................................................................. 7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009). .............................................................................. 9

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ................................................................................. 3

*Klein v. Ljubljana Inter Auto d.o.o.*,
    No. CV 20-10079-DMG (JPRx), 2024 U.S. Dist. LEXIS 174871 (C.D. Cal. Sep. 26, 2024) ................................................................................................................ 10

*MGA Entm't v. Dynacraft BSC, Inc.*,
    2018 U.S. Dist. LEXIS 90318 (C.D. Cal. May 30, 2018).................................... 5

*Mililani Grp., Inc. v. O'Reilly Auto., Inc.*,

621 F. App'x 436 (9th Cir. 2015). ............................................................................. 7

*Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd.*,
    No. SACV 21-00461-CJC(ADSx), 2021 U.S. Dist. LEXIS 262940 (C.D. Cal. Dec. 28, 2021).......................................................................................................... 6, 8

*Neilson v. Union Bank of Calif., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003). .................................................................. 7

*Rattagan v. Uber Techs., Inc.*,
    17 Cal. 5th 1 (Cal. 2024). ....................................................................................... 10

*River Supply, Inc. v. Oracle Am., Inc.*,
    2023 U.S. Dist. LEXIS 199431 (N.D. Cal. Nov. 6, 2023) ...................................... 5

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979 (Cal. 2004) ............................................................................... 6, 10

*Santa Barbara Smokehouse, Inc. v. AquaChile, Inc*.,
    No. CV 19-10733-RSWL-JEM, 2022 U.S. Dist. LEXIS 107199 (C.D. Cal. June 14, 2022) ................................................................................................................. 6

*Seale v. GSK Consumer Health, Inc*.,
    718 F. Supp. 3d 1208 (C.D. Cal. 2024) .................................................................. 6

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal. App. 4th 523 (Cal. 2000) ............................................................................ 7

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................................. 5, 8

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc*.,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) .................................................................. 5

**Statutes**

Fed. R. Evid. 201(b)(2). ............................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Counterclaim defendants SHLA Group Inc., Park 2580, Inc., and Mr. Gang HE respectfully submit this Memorandum of Points and Authorities in support of its Motion to Dismiss Counterclaimant Kissler and Co. Inc.'s Counterclaims.

## I. Introduction

Counterclaim defendants SHLA Group Inc., Park 2580, Inc., and Mr. Gang HE (who is the owner of both SHLA Group and Park) (collectively "Counterclaim Defendants") respectfully move this Court to dismiss Counterclaimant Kissler and Co. Inc. ("Kissler")'s counterclaims for fraud and negligent misrepresentation against all Counterclaim Defendants. The counterclaim fails to meet the heightened pleading standard under Rule 9 because it fails to plausibly claim with particularity *specific* contents of any alleged false representation. Moreover, the Court should dismiss the fraud and negligent misrepresentation counterclaims because they are barred by the economic loss rule.

Finally, Kissler has pleaded no facts to support its claim that Mr. HE should be held personally liable for the acts that he allegedly committed as an officer of SHLA Group Inc. ("SHLA Group") and Park 2580, Inc. ("Park"). The Counterclaim contains mere conclusory allegations of "a unity of interest and ownership between and among Counterclaim Defendants". But governing law establishes a higher bar for seeking relief against Mr. HE: Kissler must plead facts sufficient to show that SHLA Group and Park are sham companies and piercing the corporate veil to reach their owner Mr. HE is warranted. The counterclaims against Mr. HE contain no such factual allegations and should therefore be dismissed in their entirety.

## II. Statement of Facts

### A. Procedural Background

Plaintiffs SHLA Group and Park filed a complaint against Defendant Kissler on September 12, 2023. ECF #1. Kissler moved the court to dismiss the Complaint on January 16, 2024. ECF #15. The Court dismissed the complaint with leave to amend on

1   May 1, 2024.  ECF #25.  SHLA Group and Park filed a first amended complaint on May
2   31, 2024.  ECF #26 ("FAC").  Kissler moved to dismiss the FAC on June 14, 2024.  ECF
3   #27.  The Court granted in part Kissler's motion to dismiss the FAC on March 3, 3035.
4   ECF #34.  Kissler filed an answer to the FAC on March 17, 2025 and asserted
5   counterclaims along with the answer.  ECF #35 ("Answer" and "Counterclaims").[1]
6   Kissler's counterclaims name SHLA Group, Park, and Mr. Gang HE as counterclaim
7   defendants.
8        Kissler pleads six causes of action in its counterclaims – fraud, negligent
9   misrepresentation, breach of contract, breach of implied covenant of good faith and fair
10  dealing, breach of implied warranty of non-infringement, and implied contractual
11  indemnity. *Id*. at pgs. 17-22. Kissler asserts all causes of action against *all* counterclaim
12  defendants - SHLA Group Inc., Park 2580, Inc. and Mr. HE, who is the owner of both
13  SHLA Group and Park.

14      **B.**    <u>The Fraud and Negligent Misrepresentation Counterclaims</u>

15       As background, this lawsuit resulted from a failed business relationship.  Kissler
16  entered a contractual relationship with SHLA Group and Park to purchase millions of
17  dollars' worth of universal trim kits for bathtubs and shower faucets for resale to Home
18  Depot.  FAC ¶¶ 14, 21; Answer ¶¶ 14, 21.  Kissler was later sued by its competitor Danco
19  Inc. ("Danco") for patent infringement against these trim kit products.  FAC ¶ 23; Answer
20  ¶ 23.  Kissler alleges that the Danco lawsuit caused Kissler to suffer damages in excess
21  of one million dollars.  Counterclaims ¶¶ 23-24, 31.

22       Kissler asserts, in addition to various contract-based claims[2], two tort claims –fraud
23  and negligent misrepresentation.  Specifically, Kissler alleges that Mr. HE represented

---

[1] ECF #35 contains both answer to the FAC and Kissler's counterclaims.  The paragraph numbering of the answer portion matches the paragraph numbering of the FAC.  The paragraph numbering of Kissler's Counterclaims is reset.  To avoid confusion, the motion separates the paragraph citation to respectively "Answer" and "Counterclaims" of the same ECF #35 document.

[2] The following counterclaims sound in contract - breach of contract, breach of implied covenant of good faith and fair dealing, breach of implied warranty of non-infringement, and implied contractual indemnity.  Counterclaims at PageID ## 371-374.

that the counterclaim defendants could "properly and lawfully" supply Kissler the products at issue. *Id*. ¶¶ 26, 34. Kissler further alleges that the representations were false because "the designs, processes and other information upon which Counterclaim Defendants relied and would use to provide the Plumbing Parts to Kissler were covered by one or more patents held by Danco, and thus Counterclaim Defendants' production and sale of such products to Kissler would be unlawful". *Id*. ¶¶ 27, 35. Finally, Kissler alleges that Mr. HE knew the representations were false because "Mr. He had personally signed an express written agreement with Danco, years beforehand, confirming Danco's patent rights". *Id*. ¶¶ 28, 36. Kissler further alleges that Mr. HE concealed the information from Kissler. *Id*.

      **1.**    *The Danco Patent at Issue and the Alleged "Express Written Agreement"*

A key document supporting Kissler's fraud and negligent representation counterclaims is the "express written agreement" Mr. HE allegedly signed with Danco "years beforehand". *Id*. According to Kissler, this document would have confirmed that Mr. HE was aware of Danco's rights for the patent asserted in the Danco lawsuit against Kissler. *Id*. Kissler has not included a copy of the agreement to the Counterclaims. *See* ECF #35. Kissler's pleading does not have any details about the agreement. The pleading has not specified when the agreement was executed. Counterclaims ¶¶ 18, 28, 36. Kissler has not alleged that the agreement indeed referenced the Danco patent at issue. *Id.*

The Danco patent at issue is U.S Patent No. 9,051,720 (hereinafter the "'720 Patent"). *See* ECF #34 at 2; FAC ¶ 23; Answer ¶ 23. *See also Danco, Inc. v. Kissler & Co., Ltd.*, No. 23cv2192, ECF #1 at PageID ## 13-19 (D. N. J., filed on April 19, 2023) (for the Court's convenience, a copy of the Danco patent complaint is filed as Exhibit 1 to the Declaration of Shruti Aggarwal ISO Counterclaim Defendants' Motion to Dismiss Counterclaims ("Aggarwal Decl.")). The application that matured into the '720 Patent

was filed on April 1, 2009.[3] *See Danco v. Kissler*, ECF #1 at PageID # 16. The '720 Patent was issued on June 9, 2015. *Id*.

### C. The Counterclaims against Mr. HE

Kissler does not assert facts nor otherwise substantiate its counterclaims that are apparently meant to pierce the corporate veil to find Mr. HE personally liable. Instead, Kissler makes the following generalized allegations:

> 7. Upon information and belief, Kissler alleges that the Counterclaim Defendants acted jointly, in concert, and with knowledge of the actions of each of the other Counterclaim Defendants; acted as the agent, servant, and representative of each of the other Counterclaim Defendants with respect to the actions complained of herein; acted at all times within the course and scope of said agency; are the successors or predecessors of one another; and/or were owners, principals, officers, directors, members, agents, partners, operators, parent companies, affiliates, and/or subsidiaries of one another; and/or that each is equally liable for the acts alleged below.
>
> 8. Upon information and belief, Kissler alleges that there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among Counterclaim Defendants such that any individuality and separateness between and among such Counterclaim Defendants have ceased to exist, and that Counterclaim Defendants are the alter egos of one another.

Counterclaims ¶¶ 7-8. The counterclaims contain no further factual enhancements as to why Mr. HE should be personally liable for the acts he performed as an officer of SHLA Group or Park.

---

[3] The Court may take judicial notice of these facts. The facts regarding the patent application date and patent issuance dates are "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned". Fed. R. Evid. 201(b)(2). *Accord Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1001 (9th Cir. 2018) (affirming lower court for having properly taken judicial notice of the filing date of an international patent application but reversing the lower court's judicial notice of other exhibits).

## III. Legal Standard

### A. Rule 12(b)(6) and Heightened Pleading Standard under Rule 9(b)

To sufficiently state a claim to survive a Rule 12(b)(6) challenge, the counterclaimant must allege enough facts so that the requested relief is plausible on its face and the counterclaim defendant receives notice of the basis for the counterclaim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While the factual allegations need not be detailed, they must go beyond labels and conclusions and raise a right to relief above the speculative level. *Id.* at 555. The Court must accept all allegations in the complaint as true and draw all reasonable inferences in the counterclaimant's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Where, as here, a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires the counterclaimant to provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations". *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)) (citation cleaned up); *MGA Entm't v. Dynacraft BSC, Inc.*, 2018 U.S. Dist. LEXIS 90318, at *13-14 (C.D. Cal. May 30, 2018). The heightened pleading standard under Rule 9(b) cannot be satisfied by vague or generalized statements devoid of specific facts. *River Supply, Inc. v. Oracle Am., Inc.*, 2023 U.S. Dist. LEXIS 199431, *37-38 (N.D. Cal. Nov. 6, 2023); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015). "In fact, "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written". *Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd.*, No. SACV 21-00461-CJC(ADSx), 2021 U.S. Dist. LEXIS 262940, at *13-14 (C.D. Cal. Dec. 28, 2021) (internal quotation omitted).

**B.**     The Economic Loss Rule

"The economic loss rule bars tort claims that seek recovery for purely economic loss that is indistinguishable from the loss caused by the breach of a contract". *Santa Barbara Smokehouse, Inc. v. AquaChile, Inc.*, No. CV 19-10733-RSWL-JEM, 2022 U.S. Dist. LEXIS 107199, *15 (C.D. Cal. June 14, 2022) (*citing Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979 (Cal. 2004)). The rule is intended to "prevent[] the law of contract and the law of tort from dissolving one into the other". *Robinson Helicopter Co.*, 34 Cal.4th at 988. A common law fraud claim may qualify as an exception to the rule. Such an exception, however, is "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies, and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss". *Seale v. GSK Consumer Health, Inc.*, 718 F. Supp. 3d 1208, 1225 (C.D. Cal. 2024) (*quoting Robinson Helicopter Co.*, 34 Cal. 4th at 993).

**C.**     The Alter Ego Standard

"A basic tenet of American corporate law is that the [company] and its shareholders are distinct entities". *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). In California, a plaintiff seeking to invoke the alter ego doctrine – an exception to the strong presumption of corporate independence – must allege facts to satisfy a two-prong test. First, there must be allegations of such a unity of interest and ownership between the company and its equitable owner that the separate personalities of the company and the shareholder do not exist. Second, there must be allegations of inequitable results. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (Cal. 2000), *cited with approval in Mililani Grp., Inc. v. O'Reilly Auto., Inc.*, 621 F. App'x 436, 436 (9th Cir. 2015). The mere fact that a shareholder is the sole shareholder of the company does not by itself make him the alter ego of the company. *See El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 483 (9th Cir. 1971). Granting a motion to dismiss is warranted if Plaintiff does not allege specific facts to support both of the necessary elements. *Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015) ("Conclusory allegations of

'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting both of the necessary elements.").

### IV. Arguments

**A.    Kissler's fraud and negligent misrepresentation counterclaims fail to meet the heightened Rule 9 pleading standards.**

As a threshold issue, "[i]t is well-established in the Ninth Circuit that both claims of fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). The heightened pleading standard requires a counterclaimant "to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, *what they said or wrote*, and when it was said or written". *Mobile Tech, Inc.*, 2021 U.S. Dist. LEXIS 262940, at *13-14 (emphasis added). *See also Swartz*, 476 F.3d at 764 (Rule 9(b) requires pleading of the "specific content of the false representations" and other particular details).

Kissler's counterclaims fail to meet the Rule 9(b) standard because the allegations do not specify the contents of what-was-said-or-written that can be plausibly interpreted as false or misrepresentations. The counterclaims contain instead generalized averments that Mr. HE represented that his companies were well-suited to supply the products at issue and the goods would be lawfully produced. *See* Counterclaims ¶ 19 (alleging that Mr. HE represented that "he and his companies has the relevant experience and knowledge for the job, and were well-suited to provide Kissler with lawfully produced goods."); *id*. ¶¶ 26, 34 (same). Missing from the allegations is what Mr. HE specifically stated that can be plausibly interpreted as false. The actual statements from Mr. HE that are recited in the allegations relate to his past relationship with Danco and his familiarity with the product at issue. *See* Counterclaims ¶ 19 (quoting Mr. HE's email stating "As Kevin introduced, we started to supply Danco around year 2003-2004. For most of their store items, we have toolings and can start production almost immediately."). Kissler does not, however, allege that any of these statements were false or misleading. In short,

1  Kissler does not allege that Mr. HE ever stated that the product at issue would be
2  "lawfully produced"; Kissler's counterclaim allegations do not plausibly support any
3  inference Mr. HE represented the product would be lawfully produced.[4]

        **1.**    *Kissler's fraud concealment counterclaims fail to meet the heightened Rule 9 pleading standards.*

Kissler appears to assert an alternative fraudulent concealment theory. *See*, *e.g.*, Counterclaims ¶ 27 (alleging that Mr. HE "deliberately omitted and concealed from Kissler" the fact that "Mr. He had personally signed *an express written agreement* with Danco, years beforehand, confirming Danco's [] rights [to the '720 Patent]".) (emphasis added). Kissler's fraudulent concealment allegations are deficient and lack the "who, what, when, where, and how" required under the Rule 9(b) pleading standard. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Specifically, the counterclaims do not provide any contents of the written agreement; the counterclaims do not allege that *when* Mr. HE signed the agreement; the counterclaims do not allege on whose behalf Mr. HE signed the agreement; the counterclaims do not allege how this agreement "confirm[ed] Danco's [] rights" to the '720 Patent. If, for example, the written agreement was executed in the year 2008 or earlier, Kissler would not have pleaded a plausible claim

---

[4] Assuming, *arguendo*, Mr. HE had stated that the products can be "legally produced" (which Kissler does not allege), such statement still would not meet the heightened Rule 9 pleading standard because it constitutes a mere opinion and lacks factual content. *Accord Comair Ltd. v. Boeing Co.*, No. C23-176 RSM, 2023 U.S. Dist. LEXIS 171950, at *9 (W.D. Wash. Sep. 25, 2023) (finding Boeing's statement that the "737 MAX was 'a variant of the safe, reliable, and time-tested 737 family of aircraft,' with 'new fuel-efficient engines,' 'very deliberate' design enhancements that posed 'minimal risk' … are too general to support fraudulent inducement or omission claims under Rule 9(b). Rather, the statements are akin to 'general praise of goods sold known as sales talk or puffing."). Moreover, the statement can also be truthful  based on different interpretations: the statement may be truthful because the manufacturer has complied with labor laws such as not utilizing child labor. It may also be truthful because the manufacturer has complied with the Foreign Corrupt Practice Act (i.e. no bribery). The statement may also be truthful with respect to the '720 Patent because a court could have found that the '720 Patent is invalid or unenforceable. The validity issue of the patent, however, did not get litigated in the Danco lawsuit against Kissler due to quick settlement. Counterclaims ¶¶ 22-23.  To put it differently, counterclaimants' is not an averment of facts that are objectively verifiable.  To illustrate with a hypothetical, if the allegation is that Mr. HE  represented that they had done a patent clearance search and confirmed that the product had no patent risk, such representation would be actionable because it concerns facts that are objectively verifiable.

-8-

of fraud or negligent misrepresentation because the '720 Patent was not issued until seven years later. *See supra* § II.B.1 at 4 (the '720 Patent was issued on June 9, 2025). In sum, Kissler has not plausibly pleaded with particularity the fraud and the negligent misrepresentation counterclaims based on a fraudulent concealment theory.

      **B.**    <u>Kissler's fraud and negligent misrepresentation counterclaims should be dismissed because they are barred by the economic loss rule.</u>

In addition to failing to meet the heightened Rule 9(b) pleading standard, Kissler's tort counterclaims should be dismissed for an independent and separate reason: Kissler's fraud and negligent misrepresentation counterclaims are barred by the economic loss rule. While the common law fraud claim may qualify as an exception to the economic loss rule, the exception is "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies, and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss". *Robinson Helicopter Co.*, 34 Cal. 4th at 993. The California Supreme Court recently clarified that the *Robinson Helicopter* exception also applies to the common law fraudulent concealment cause of action. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1 (Cal. 2024). *Rattagan* reaffirms, however, that tort recovery for breach of a contract duty is generally barred under the economic loss rule *unless two conditions* are satisfied. "A plaintiff must first demonstrate the defendant's injury-causing conduct violated a duty that is independent of the duties and rights assumed by the parties when they entered the contract. Second, the defendant's conduct must have caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed". *Id.* at 20-21 (*quoted* in *Klein v. Ljubljana Inter Auto d.o.o.*, No. CV 20-10079-DMG (JPRx), 2024 U.S. Dist. LEXIS 174871, *12 (C.D. Cal. Sep. 26, 2024)).

Kissler's counterclaims seek damages Kissler allegedly suffered due to the Danco lawsuit – which include the Danco settlement payment, legal fees and costs, and products that Kissler is no longer able to sell. Counterclaims ¶¶ 23-24. The Counterclaims allege financial loss "in excess of $1 million". Kissler asserts these losses are caused by

Counterclaim Defendants because they have breached the contracts between the parties (*Id.* ¶¶ 42, 44), because they have breached the implied warranty of non-infringement (*Id.* ¶¶ 54-56), and/or other causes of action sounding in contract. Kissler claims the same financial losses under the fraud and negligent misrepresentation causes of action. *See id.* ¶¶ 31, 39. Most importantly, Kissler does not allege, with respect to the tort causes of action, any injuries such as physical harm to a person or property that are distinct from the economic losses arising from the contract-based causes of action.

Kissler's fraud and negligent counterclaims do not meet the legal requirements for the common law fraud exception to the economic loss rule set forth in *Rattagan*. First, Kissler's allegations do not plausibly meet the first prong of the *Rattagan* exception, i.e., the elements of Kissler's fraud claim are not independent of the parties' contractual rights and obligations. As Kissler itself points out, "[i]mplied by law into the parties' contract of sale are various implied warranties, including, inter alia, an implied warranty against rightful claims of patent infringement by third parties". Counterclaims ¶ 54. Kissler thus properly alleged that the Counterclaim Defendants owe a contractual duty of warrantying their product from third party (Danco) patent claims. What Kissler has not alleged, on the other hand, is that the Counterclaim Defendants owe an independent duty to disclose all details of Mr. HE's past interactions with Danco.

Assuming, *arguendo*, that Kissler has sufficiently alleged that the Counterclaim Defendants owe an independent duty (which Kissler has not), Kissler's allegations would still be barred under the economic loss rule because they fail the second *Rattagan* condition. The allegations fail because Kissler does not, and Kissler cannot, allege that the fraudulent conduct exposes Kissler to a risk of harm beyond the reasonable contemplation of the parties when they entered into the contract. In fact, Kissler does not allege any injury to persons or property. Kissler's alleged economic losses are not distinct from the contract damages that Kissler would be entitled to if Kissler prevails on its contract claims. Kissler's fraud and negligent counterclaims therefore should be barred under the economic loss rule for this reason alone.

C.  Kissler's Counterclaims do not plead facts sufficient to support any liability against Mr. HE

Finally, Kissler has not pleaded any plausible claims against Mr. HE as an individual defendant.

First, Kissler has not pleaded any plausible causes of action sounding in contract against Mr. HE.  The counterclaims include the following claims sounding in contract – breach of contract, breach of implied covenant of good faith and fair dealing, breach of implied warranty of non-infringement, and implied contractual indemnity. Counterclaims at Page ID ## 371-374.  Kissler alleges that Mr. HE should be personally liable for these claims, even though the allegations clearly acknowledges that the contractual relationship was formed between the companies – SHLA Group or Park on the one hand, and Kissler on the other hand. *See*, *e.g.*, *id.* ¶ 20.  Granted, Kissler alleges that Mr. HE is the "owner, operator, proprietor, and an officer" of both SHLA Group and Park. *Id.* ¶ 6.  This allegation is insufficient to plausibly support Kissler's claim to pierce the corporate veil between Mr. HE and his companies. *El Salto*, 444 F.2d at 483.  To that end, Kissler's conclusory allegations that Mr. HE and his companies have such "a unity of interest" that the "Counterclaim Defendants are the alter egos of one another" is deficient as well. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ….") (internal case citation omitted).

Second, for reasons stated in §§ IV.A and IV.B above, Kissler has not pleaded any plausible causes of action sounding in torts against Mr. HE either. Kissler's fraud and negligent misrepresentation claims against Mr. HE do not meet the heightened Rule 9(b) pleading standard.  Kissler has not pleaded a plausible claim of affirmative misrepresentations against Mr. HE.  *See supra* § IV.A (Kissler does not allege that Mr. HE ever stated that the product at issue would be "lawfully produced;" Kissler's

allegations do not plausibly support any inference Mr. HE represented the product would be lawfully produced). Neither has Kissler pleaded a plausible claim of fraudulent concealment against Mr. HE. *See supra* § IV.A.1. Kissler has not pleaded that Mr. HE owed an independent duty to disclose all the details of his past interactions with third party Danco. *See supra* § IV.B. Even assuming Kissler has pleaded Mr. HE owed an independent duty (which Kissler has not), Kissler has not pleaded that Mr. HE's breach would cause injury to persons or property that was not reasonably contemplated by the parties when the contract was formed. *See supra* § IV.B.

V. **Conclusion**

For the foregoing reasons, the Counterclaim Defendants respectively request that the Court grants their motion and dismiss the following counterclaims: (i) fraud against all counterclaim defendants; (ii) negligent misrepresentation against all counterclaim defendants, (iii) breach of contract against counterclaim defendant Mr. HE, (iv) breach of implied covenant of good faith and fair dealing against counterclaim defendant Mr. HE, (v) breach of implied warranty of non-infringement against counterclaim defendant Mr. HE, and (vi) implied contractual indemnity against counterclaim defendant Mr. HE.

Dated: April 30, 2025          Respectfully submitted,

                               */s/ Hua Chen*

                               Hua Chen (SBN 241831)
                               *huachen@scienbizippc.com*
                               SCIENBIZIP, P.C.
                               550 South Hope Street, Suite 2825
                               Los Angeles, California 90071
                               Telephone: (213) 426-1778

                               Geoffrey T. Stover (SBN 211715)
                               Geoff@axslawgroup.com
                               AXS LAW GROUP LA LLP
                               6080 Center Dr., Suite 210
                               Los Angeles, CA 90045

1
2
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

3
4
Attorneys for Counterclaim Defendants
*SHLA Group Inc., Park 2580, Inc. and GANG HE*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-13-

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 30th day of April, 2025, a true and correct copy of the foregoing **COUNTERCLAIM DEFENDANTS SHLA GROUP INC., PARK 2580, INC., AND GANG HE'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMANT KISSLER AND CO. INC'S COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

Dated: April 30, 2025               By:   */s/ Hua Chen*
                                              Hua Chen